## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL CAMPANA, on behalf of himself and all others similarly situated, | Case No.: 1:16-cv-01529 |
| Plaintiff, | Class Action Complaint |
| v. | Demand for Jury Trial |
| KRAFT HEINZ FOOD COMPANY, | |
| Defendant. | |

Plaintiff Michael Campana, by his attorneys, makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

### NATURE OF THE ACTION

1.     This is a class action against Defendant Kraft Heinz Foods Company ("Kraft" or "Defendant") on behalf of consumers who purchased Kraft 100% Grated Parmesan Cheese. Kraft sold mislabeled Kraft 100% Grated Parmesan Cheese that involves excessive use of cellulose (an ingredient derived from wood fiber).

2.     Kraft systematically deceived consumers into purchasing Kraft 100% Grated Parmesan Cheese by misrepresenting the composition, contents, and quality of the Grated Parmesan Cheese product.  Kraft promised an undiluted grated Parmesan cheese product with "100% Grated Parmesan Cheese."

3.     The actual content of Kraft 100% Grated Parmesan cheese differed materially from Kraft's representation.  Independent laboratory testing establishes that Kraft 100% Grated Parmesan Cheese contains significant amounts of additive and fillers.  In fact, testing reveals that

at least 3.8% of Kraft 100% Grated Parmesan Cheese is cellulose, a filler and anti-caking agent derived from wood fiber.  Industry standard for cellulose as an anti-caking agent is 2%, but Kraft 100% Grated Parmesan Cheese contains nearly twice the amount.

4.      Plaintiff Campana and Class Members (defined herein) purchased Kraft 100% Grated Parmesan Cheese relying on Defendant's representation that the product contains 100% grated Parmesan cheese and reasonably understood Defendant's representation to mean the product did not contain filler ingredients.  Instead, Plaintiff and Class Members ended up paying for a diluted, mislabeled product.

5.      Plaintiff Campana seeks relief in this action individually and on behalf of a nationwide Class and New York Sub-Class of purchasers of Kraft 100% Grated Parmesan Cheese products for breach of express warranty, breach of implied warranty, unjust enrichment, and violations of New York's Unfair and Deceptive Practices Law, N.Y. Gen. Bus. Law § 349 and New York's False Advertising Law, N.Y. Gen. Bus. Law § 350.

## PARTIES

6.      Plaintiff Campana resides in Mill Basin, Borough of Brooklyn, New York. During the relevant class period, Plaintiff Campana purchased Kraft 100% Grated Parmesan Cheese in the State of New York.

7.      Defendant Kraft Heinz Foods Company is a Pennsylvania corporation with headquarters in Pittsburgh, Pennsylvania and Chicago, Illinois.  Kraft manufactures and markets food and beverage products, including cheese under the iconic brand, Kraft.  At all relevant times herein, Defendant manufactured, marketed, sold and distributed Kraft 100% Grated Parmesan Cheese in the State of New York and throughout the United States.

2

## JURISDICTION AND VENUE

8.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (d)(2)(A) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.

9.      This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the State of New York, contracts to supply goods within the State of New York, and supplies goods within the State of New York.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c), because: Defendant does business throughout this district, and a substantial part of the events giving rise to Plaintiff's claims took place within this district, including his purchase of Kraft 100% Grated Parmesan Cheese.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     An estimated 463 million pounds of Italian hard cheeses are sold in the United States annually.[1]  According to U.S. Department of Agriculture data, approximately 336 million pounds of Parmesan was produced in 2015.

12.     In a 2014 national consumer survey conducted by Arthur Schuman Inc., 95% of respondents indicated concerns regarding adulterated cheese in the marketplace and 78% of respondents "said companies making adulterated cheese should not be allowed to label them as Parmesan or Romano."[2]

---

[1] Rick Barrett, *Cheese executive condemns epidemic of inauthentic, inferior additives*, Journal Sentinel (November 26, 2014), http://www.jsonline.com/business/cheese-executive-condemns-epidemic-of-inauthentic-inferior-additives-b99397013z1-283991041.html (last visited March 29, 2015).

[2] http://www.prnewswire.com/news-releases/first-ever-trust-mark-debuts-in-us-italian-cheese-300180596.html (last visited March 29, 2015).



13.    In the same survey, 75% of the respondents said they would be willing to pay anywhere from 10% to 25% more for authentic cheese.[3]

**A.    False and Misleading Claims about Kraft 100% Grated Parmesan Cheese**

14.    Kraft advertises its grated parmesan cheese product as "100% Parmesan Cheese." The representation is clearly visible on the product packaging for Kraft's 100% Grated Parmesan Cheese, which is reproduced below:

---

[3] http://www.prnewswire.com/news-releases/first-ever-trust-mark-debuts-in-us-italian-cheese-300180596.html (last visited March 29, 2015).

4




15.     Since 1990, Kraft consistently advertised that its grated parmesan cheese product was "100% grated parmesan" and without fillers.

16.      In a television commercial aired in 1990, Kraft represented that unlike competing grated topping products that contains "fats and fillers," Kraft 100% Grated Parmesan Cheese is "100% grated Parmesan."[4]

17.     In another television commercial aired in 1994, Kraft represented that Kraft 100% Grated Parmesan Cheese "is always 100% Parmesan, no fillers."[5]

18.     Parmesan is considered a hard Italian cheese, defined by low moisture, relatively high salt and medium fat content and a comparatively long ripening process. 21 C.F.R. § 133.165.

19.     While powdered cellulose (microcrystalline cellulose) can be added to grated cheese as an anti-caking processing agent, *see* 21 C.F.R. § 133.146, it can only be used at levels

---

[4] Kraft 100% Grated Parmesan Cheese commercial (1990), available at https://www.youtube.com/watch?v=FII mRTxvvMk (last visited March 29, 2016).
[5] Kraft 100% Grated Parmesan Cheese commercial (1994), available at  https://www.youtube.com/watch?v= 4yQtdaRfNzg (last visited March 29, 2016).

sufficient to achieve the desired anti-caking effect, but not for any other purpose, *see* 21 C.F.R. § 172.5(1).

20.     "[C]heesemakers are allowed to use as much as needed to stop their product from clumping, which, per industry standard, is somewhere around 2 percent."[6]

21.     Too much cellulose can cheapen a Parmesan cheese product and dilute its flavor.

22.     Independent testing shows that at least 3.8% of Kraft 100% Grated Parmesan Cheese is comprised of cellulose, an anti-clumping agent obtained as a pulp from fibrous plant material.[7]

23.     Cellulose is relatively inexpensive, with some costing between $2.50 and $3.00 a pound.[8]  Real Parmesan cheese by comparison is significantly more expensive.  By stretching out a pricy cheese with cellulose, food manufacturers are able to sell more of the product for a lesser expense in making the product.

24.     When excessive optional ingredients, such as cellulose, are added to Parmesan cheese, "the value of carbo[hydrates] by difference increases, and the protein value decreases."[9] This means there is less cheese in the overall product.

25.     While Kraft discloses "cellulose powder" on the ingredient list for Kraft 100% Grated Parmesan Cheese as an ingredient that "prevent[s] caking," the product contains nearly twice the amount of the industry standard for use of cellulose as an anti-caking agent.

---

[6] Roberto A. Ferdman, *Problem with Parmesan Cheese is symbolic of broader issue in American food industry*, The Washington Post (February 17, 2016)  http://www.chicagotribune.com/business/ct-wood-parmesan-cheese-food-industry-problems-20160217-story.html (last visited March 29, 2015).
[7] Lydia Mulvany, *The Parmesan Cheese You Sprinkle on Your Penne Could be Wood*, Bloomberg Business (February 16, 2016), http://www.bloomberg.com/news/articles/2016-02-16/the-parmesan-cheese-you-sprinkle-on-your-penne-could-be-wood (last visited March 29, 2015).
[8] Sarah Nassauer, *Why Wood Pulp Makes Ice Cream Creamier*, The Wall Street Journal (May 4, 2011), http://www.wsj.com/articles/SB10001424052748703834804576300991196803916 (last visited March 29, 2015).
[9] *How to Protect Your Brand Against Cheese Adulteration*, http://www.dairiconcepts.com/wp-content/uploads/2016/02/Cheese-Adulteration-Final.pdf (last visited March 29, 2015).

26.     Consumers have a right to know what they are purchasing, but Kraft has turned consumer-oriented labels that are supposed to allow consumers to make informed decisions into advertising vehicles, bending the truth about a product that is <u>not</u> properly marketed as grated Parmesan cheese.

27.     Kraft's unlawful, false, fraudulent, and misleading marketing and advertising practices take advantage of consumers who purchased Kraft 100% Grated Parmesan Cheese because these consumers did not get what they bargained for — 100% grated Parmesan cheese.

**B.      Plaintiff's Experience**

28.     Plaintiff Campana purchased one (1) eight-ounce container of Kraft 100% Grated Parmesan Cheese from a convenience store near his home in and around December 2015. Plaintiff paid approximately $4.00, excluding sales tax.

29.     Plaintiff Campana purchased Kraft 100% Grated Parmesan Cheese in reliance on Kraft's representation that the product was "100%" grated Parmesan cheese and reasonably understood this representation to mean that the product did not contain unnecessary quantities of filler ingredients such as cellulose.

30.     Plaintiff Campana would not have purchased Kraft 100% Grated Parmesan Cheese or would have paid significantly less for the product had he known that the product contain unnecessary quantities of filler ingredients, and that Kraft mischaracterizes the amount, percentage and quality of Parmesan cheese in the container.

31.     Plaintiff Campana suffered injury in fact and lost money as a result of Kraft's false, misleading and deceptive practice, as described herein.

## CLASS ACTION ALLEGATIONS

32.     Plaintiff seeks to represent a class defined as all persons in the United States who, within the relevant statute of limitations period, purchased Kraft 100% Grated Parmesan Cheese (the "Class").

33.     Plaintiff also seeks to represent a sub-class of all members of the Class who, within the relevant statute of limitations period, purchased Kraft 100% Grated Parmesan Cheese in New York (the "New York Sub-Class").

34.     Excluded from the Class and Sub-Class are persons who made such purchase for the purpose of resale, Federal judges and members of their families within the first degree of consanguinity, Defendant, any entity in which Defendant has a controlling interest, and any of its subsidiaries, affiliates, and officers, directors of the entity Defendant, or employees, and any legal representative, heir, successor, or assignee of Defendant.

35.     Plaintiff reserves the right to amend or modify Class definition with greater specificity or further division into sub-classes or limitation to particular issues as discovery and the orders of this Court warrant.

36.     Members of the Class and New York Sub-Class will be jointly referred to as "Class Members."

37.     The requirements of Federal Rule of Civil Procedure 23 are satisfied.

38.     Members of the Class and Subclasses are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class and Subclasses number in the tens of thousands.  The precise number of Class Subclass members and their identities are unknown to Plaintiff at this time but may be determined through discovery.  Class

and Sub-Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

39.    Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members. Common legal and factual questions include, but are not limited to:

(a)     whether Defendant's labeling, marketing and promotion of Kraft 100% Grated Parmesan Cheese is false and misleading;

(b)    Whether, by the misconduct set forth in this Complaint, Defendant engaged in unfair, fraudulent or unlawful business practices with respect to labeling, marketing, promotion and sales of Kraft 100% Grated Parmesan Cheese;

(c)    whether Defendant were unjustly enriched by their conduct;

(d)    whether Defendant's conduct violated the state laws asserted herein;

(e)    whether Class Members suffered an ascertainable loss as a result of the Defendant's misrepresentations; and

(f)    whether, as a result of Defendant's misconduct as alleged herein, Plaintiff and Class members are entitled to restitution, injunctive and/or monetary relief and, if so, the amount and nature of such relief.

40.    The claims of the named Plaintiff is typical of the claims of the Class and Sub-Class in that the named Plaintiff was exposed to, and relied on, Defendant's false and misleading marketing of Kraft 100% Grated Parmesan Cheese and suffered a loss as a result of his purchase.

41.    Plaintiff is an adequate representative of the Class and Sub-Class because his interest does not conflict with the interests of the Class Members he seeks to represent, he has

retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiff and his counsel.

42.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and Class Members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the litigation. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  Individualized litigation also presents the potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

43.     Questions of law and fact common to the Class and Sub-Class predominate over any questions affecting only individual Class Members.  Injuries sustained by Plaintiff and Class Members flow, in each instance, from a common nucleus of operative facts i.e., Defendant's misconduct.  In each case, Defendant manufactured, marketed, distributed or sold Kraft 100% Grated Parmesan Cheese and deceived Plaintiff and Class Members as to the characteristics or benefits of the product.  The resolution of these central issues will be the focus of the litigation and predominate over any individual issues.

## CAUSES OF ACTIONS

### COUNT I
### (Breach of Express Warranty)

44.     Plaintiff Campana and Class Members re-allege and incorporate by reference each of the allegations set forth above and further allege as follows.

45. Plaintiff Campana brings this Count individually and on behalf of the members of the Class.

46. In connection with the sale of Kraft 100% Grated Parmesan Cheese, Defendant expressly warranted that the product consists of "100%" Parmesan cheese.

47. Defendant's affirmation of fact and promise on the product packaging became part of the basis of the bargain between Defendant and Plaintiff Campana and Class Members, thereby creating express warranties that Kraft 100% Grated Parmesan Cheese would conform to Defendant's affirmation of fact, representation, promise and description.

48. Defendant breached its express warranties because Kraft 100% Grated Parmesan Cheese comprised of a substantial amount of additive and filler ingredients, including cellulose.

49. Plaintiff Campana and Class Members have been injured and harmed as a direct and proximate result of Defendant's breach because (a) they would not have purchased for Kraft 100% Grated Parmesan Cheese if they knew the truth about the product; (b) they purchased and paid more for Kraft 100% Grated Parmesan Cheese based on Defendant's representations; and (c) Kraft 100% Grated Parmesan Cheese did not have the composition, contents, and quality as promised.

50. Within a reasonable amount of time after Plaintiff Campana discovered that the Kraft did in fact breached its express warranty, Plaintiff Campana notified Defendant of the nonconformity in a timely fashion.

## COUNT II
### (Breach of Implied Warranty of Merchantability)

51. Plaintiff Campana and Class Members re-allege and incorporate by reference each of the allegations set forth above and further allege as follows.

11

52.     Plaintiff Campana brings this Count individually and on behalf of the members of the Class.

53.     At all relevant times, Defendant was a merchant with respect to the goods of this kind which were sold to Plaintiff Campana and Class Members, and there was in the sale to Plaintiff and other consumers an implied warranty that the goods were merchantable.

54.     For goods to be merchantable under the Uniform Commercial Code, the goods must "run, within the variations permitted by the agreement, of even kind, quality and quantity within each unit and among all units involved," "are adequately contained, packaged, and labeled as the agreement may require," and "conform to the promise or affirmations of fact made on the container or label if any." *See* U.C.C. § 2-314.

55.     Defendant, as the manufacturer, marketer, distributer and seller, impliedly warranted to Plaintiff that Kraft 100% Grated Parmesan Cheese consisted of grated Parmesan Cheese that did not contain substantial amount of additive or filler ingredients.

56.     Defendant breached the warranty implied in the contract for the sale of Kraft 100% Grated Parmesan Cheese in that the product deviated in a material way in their "kind, quality and quantity" as impliedly warranted, and because the product does not conform to promises and affirmations made on the container or label of the goods.

57.     As a result, Plaintiff Campana and Class Members did not receive the goods as impliedly warranted by Defendant to be merchantable.

58.     Plaintiff Campana and Class Members have been injured and harmed as a direct and proximate result of Defendant's breach of implied warranty because (a) they would not have purchased for Kraft 100% Grated Parmesan Cheese if they knew the truth about the product; (b) they purchased and paid more for Kraft 100% Grated Parmesan Cheese based on Defendant's

implied warranties; and (c) Kraft 100% Grated Parmesan Cheese did not have the composition, contents, and quality as impliedly warranted.

59.     Within a reasonable amount of time after Plaintiff Campana discovered that the Kraft did in fact breached its implied warranty, Plaintiff Campana notified Defendant of the nonconformity in a timely fashion.

**COUNT III**
**(Unjust Enrichment)**

60.     Plaintiff Campana and Class Members re-allege and incorporate by reference each of the allegations set forth above and further allege as follows.

61.     Plaintiff Campana brings this Count individually and on behalf of the members of the Class.

62.     Defendant directly benefitted at the expense of Plaintiff and Class Members who paid for Kraft 100% Grated Parmesan Cheese as a result of Defendant's deceptive and misleading advertising, marketing and sale of the Product.

63.     Defendant's conduct violated warranty laws and consumer protection laws including New York Gen. Bus. § 349 and § 350 by marketing and selling Kraft 100% Grated Parmesan Cheese while mispresenting material facts.

64.     Plaintiff Campana and Class Members conferred non-gratuitous benefits upon Defendant by buying and paying the purchase price for Kraft 100% Grated Parmesan Cheese. Defendant accepted or retained such non-gratuitous benefits with full knowledge that Plaintiff and Class Members were not receiving products of the nature and quality that Defendant represented.

65.     By virtue of the unlawful conduct described herein, it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred. Therefore, Plaintiff and

Class Members are entitled to, and hereby seek, disgorgement and restitution of wrongful profits, revenue, and benefits conferred upon Defendant in a manner established by the Court.

## COUNT IV
## (Deceptive Acts or Practices, New York Gen. Bus. Laws § 349)

66.     Plaintiff Campana and Class Members re-allege and incorporate by reference each of the allegations set forth above and further allege as follows.

67.     Plaintiff Campana brings this Count individually and on behalf of the members of the New York Sub-Class against Defendant.

68.     By the acts and conduct alleged herein, Defendant committed an unfair or deceptive act and practice by marketing and selling Kraft 100% Grated Parmesan Cheese as undiluted grated parmesan cheese when the product contains excessive amount of additive and filler ingredient, including cellulose.

69.     The foregoing deceptive acts and practices were directed at consumers.

70.     The foregoing deceptive acts and practices are misleading in a material way because Kraft fundamentally misrepresents the composition, contents, and quality of Kraft 100% Grated Parmesan Cheese to induce consumers to purchase the product.

71.     Plaintiff Campana and members of the New York Sub-Class were injured because they purchased and paid for Kraft 100% Grated Parmesan Cheese which they would not have done had they known the truth about the product.

72.     Plaintiff Campana, on behalf of himself and members of the New York Sub-Class, seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or $50.00, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## COUNT V
### (False Advertising, New York Gen. Bus. Law § 350)

73.     Plaintiff Campana and Class Members re-allege and incorporate by reference each of the allegations set forth above and further allege as follows.

74.     Plaintiff Campana brings this Count individually and on behalf of the members of the New York Sub-Class against Defendant.

75.     Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way that constitutes false advertising in violation of Section 350 of the New York General Business Law.

76.     Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the marketing and selling Kraft 100% Grated Parmesan Cheese as undiluted grated Parmesan cheese when the product contains excessive amount of additive and filler ingredient, including cellulose, were and are directed at consumers.

77.     Defendant's false, misleading and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

78.     Defendant's false, misleading and deceptive statements and representations of fact have resulted in consumer injury or harm to public interest.

79.     Plaintiff has suffered and continues to suffer an economic injury as a result of Defendant's false, misleading and deceptive statements and representations of fact, including but not limited to the marketing and selling Kraft 100% Grated Parmesan Cheese as undiluted grated Parmesan cheese when the product contains excessive amount of additive and filler ingredient, including cellulose.

80.     Plaintiff Campana and the New York Sub-Class suffered an ascertainable loss caused by Defendant's representation because they purchased and paid for Kraft 100% Grated Parmesan Cheese, which they would not have done had they known the truth about the product.

81.     Plaintiff Campana, on behalf of himself and members of the New York Sub-Class, seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or $500.00, whichever is greater, three times actual damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

A.     For an order certifying the nationwide Class and New York Sub-Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Sub-Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

B.     For an order declaring the Defendant's conduct violates the statutes referenced herein;

C.     For an order finding in favor of Plaintiff, the nationwide Class, and the Sub-Class on all counts asserted herein;

D.     For compensatory and punitive damages in amounts to be determined by the Court or jury;

E.     For prejudgment interest on all amounts awarded

F.     For an order of restitution and all other forms of equitable monetary relief;

G.     For injunctive relief as the Court may deem proper; and

H.   For an order awarding Plaintiff, the Class and Sub-Class their reasonable attorneys' fees and expenses and costs of suit.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all causes of action and issues so triable.

Dated:  March 29, 2016                              Respectfully submitted,

**FARUQI & FARUQI, LLP**

By:    */s/ Adam Gonnelli*

Adam Gonnelli (AG-4782)
685 Third Avenue, 26th Floor
New York, New York 10017
Telephone:     (212) 983-9330
Facsimile:      (212) 983-9331
Email:  agonnelli@faruqilaw.com

**THE SULTZER LAW GROUP, P.C.**

Jason P. Sultzer (JS-4546)
85 Civic Center Plaza, Suite 104
Poughkeepsie, New York 12601
Telephone:     (845) 483-7100
Facsimile:      (888) 749-7747
Email: sultzerj@thesultzerlawgroup.com

*Attorneys for Plaintiff*